**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS & ST. JOHN

EDUARDO MATOS and SANTA       )
MATOS,                        )
                              )
            Plaintiffs,       )
                              )       Civil No. 2008-65
      v.                      )
                              )
NEXTRAN, INC. and MACK TRUCK  )
SALES OF SOUTH FLORIDA,       )
                              )
            Defendants.       )
_____)
```

ATTORNEYS:

**Desmond L. Maynard, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**William E. Crabill, Esq.**
Miami, FL
    *For defendant Nextran, Inc.*

**Mack Truck Sales of South Florida**
    *Pro se defendant.*


<u>**MEMORANDUM OPINION**</u>

GÓMEZ, C.J.

Before the Court is the motion of defendant Nextran, Inc. ("Nextran") to dismiss this matter for lack of personal jurisdiction.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On May 2, 2006, Eduardo Matos ("Mr. Matos") was driving a truck carrying concrete in an area known as Mahogany Run on St. Thomas, U.S. Virgin Islands. He suffered injuries when the truck

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 2

rolled over.  The truck was allegedly manufactured and sold by Nextran and *pro se* defendant Mack Truck Sales of South Florida ("Mack Truck").[1]

Mr. Matos and his wife, Santa Matos (together, the "Plaintiffs"), subsequently commenced this action against Nextran and Mack Truck (together, the "Defendants"), asserting five theories of recovery: (1) negligence; (2) defective design and manufacture; (3) strict liability; (4) breach of express and implied warranties; and (5) loss of consortium.

Nextran thereafter made a limited appearance for the sole purpose of moving to dismiss this matter for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  The Plaintiffs filed an opposition in which they asked for permission to conduct jurisdictional discovery.  That request was granted and jurisdictional discovery ensued.  The Plaintiffs have filed a supplement to their initial opposition, and Nextran a response to the supplement.

## II. DISCUSSION

Once a defendant has moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving by a preponderance of the evidence that jurisdiction is proper. *See*

---

[1] The record shows proof of service on Mack Truck.  To date, Mack Truck has not made an appearance in this action.

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 3

*Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (explaining that, because the district court did not conduct a hearing on the Rule 12(b)(2) motion, the plaintiff was only required to make a *prima facie* showing of personal jurisdiction).

To make a *prima facie* showing of personal jurisdiction, the plaintiff must "establish[] with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *see also United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001) ("The *prima facie* showing must be based upon evidence of specific facts set forth in the record . . . [and] go beyond the pleadings and make affirmative proof.") (internal quotation marks omitted); *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) ("A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.") (internal quotations omitted).

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 4

Generally, the Court follows a two-step analysis to determine if personal jurisdiction is proper: (1) whether jurisdiction is authorized by the forum's long-arm statute and (2) whether the exercise of personal jurisdiction over the defendant would comport with due process under the United States Constitution. *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 49 V.I. 1002, 1007 (D.V.I. 2008); *see also Fin. Trust Co. v. Citibank, N.A.*, 268 F. Supp. 2d 561, 566 (D.V.I. 2003) (citing *Int'l Shoe v. Washington*, 326 U.S. 310 (1945)).

The Virgin Islands long-arm statute provides as follows:

> (a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person[]
> (1) transacting any business in this territory;
> (2) contracting to supply services or things in this territory;
> (3) causing tortious injury by an act or omission in this territory;
> (4) causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this territory;
> (5) having an interest in, using, or possessing real property in this territory; or
> (6) contracting to insure any person, property, or risk located within this territory at the time of contracting.
> (7) causing a woman to conceive a child, or conceiving or giving birth to a child; or
> (8) abandoning a minor in this Territory.

V.I. CODE ANN. tit. 5, § 4903(a). "When jurisdiction over a person is based solely upon this section, only a claim for relief

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 5

arising from acts enumerated in this section may be asserted against him." *Id.* § 4903(b).

Due process requires that a non-resident defendant have minimum contacts with the forum.[2] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Additionally, "subjecting the defendant to the court's jurisdiction [must] comport[] with 'traditional notions of fair play and substantial justice.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316). In determining the sufficiency of the defendant's minimum contacts with the forum, "jurisdiction is proper if the defendant has taken 'action . . . purposefully directed toward the forum State.'" *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 370 (3d Cir. 2002) (quoting *Asahi Metal Indus. Co., Ltd. v. Super. Court of Cal.*, 480 U.S. 102, 112 (1987) (plurality opinion of O'Connor, J.)).

A plaintiff can meet his burden of showing minimum contacts in one of two ways: by establishing either specific or general

---

[2] The Revised Organic Act incorporates by reference the fifth amendment and the second sentence of section I of the fourteenth amendment, the due process clause. 48 U.S.C. § 1561 (1976). In addition, Congress enacted a Bill of Rights for the territory, § 3 of the Revised Organic Act, which extends the federal constitution to the fullest extent possible to the Virgin Islands, as an unincorporated territory of the United States. *Id. See also In re Brown*, 439 F.2d 47, 50-51 (3d Cir. 1971). Thus, the Organic Act requires the same due process analysis that would be utilized under the federal constitution. *See also Gov't of the Virgin Islands v. Bodle*, 427 F.2d 532, 533 n.1 (3d Cir. 1970).

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 6

jurisdiction over a defendant. *Paradise Motors, Inc. v. Toyota de Puerto Rico, Corp.*, 314 F. Supp. 2d 495, 498 (D.V.I. 2004). General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996) (citations omitted). In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "'should reasonably anticipate being haled into court'" in that forum. *Id.* at 151 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### III. ANALYSIS

The Court has not held a hearing on Nextran's motion. The Plaintiffs' burden is therefore limited to a *prima facie* showing.[3]

**A.   Virgin Islands Long-Arm Statute**

The Court must first determine whether the Virgin Islands long-arm statute reaches Nextran. The Plaintiffs argue that

---

[3] Neither party requested a hearing. *See*, *e.g.*, *Bachmann Software & Servs. v. Intouch Group, Inc.*, Civ. No. 08-2025, 2008 U.S. Dist. LEXIS 55719, at *16 (D.N.J. July 21, 2008) (noting that "no party has requested an evidentiary hearing" and thus that "the plaintiff must make a prima facie showing of personal jurisdiction").

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 7

Nextran has transacted business in the Virgin Islands within the meaning of subsection 4903(a)(1) of the long-arm statute.

"Transacting business is a term of art which means less than doing business but more than performing some inconsequential act within a jurisdiction." *Hendrickson v. Reg O Co.*, 17 V.I. 457, 462 (D.V.I. 1980), *aff'd*, 657 F.2d 9 (3d Cir. 1981). "In short, transacting business requires a defendant to engage in some type of purposeful activity within the territory." *Id.* at 463. "[T]he term 'transacting business,' 'can be only a single act which in fact amounts to the transaction of business within a state (or territory).'" *Guardian Ins. Co. v. Bain Hogg Int'l Ltd.*, Civ. No. 1996-180, 2000 U.S. Dist. LEXIS 17184, at *8 (D.V.I. Oct. 26, 2000) (quoting *Godfrey v. International Moving Consultants, Inc.*, 18 V.I. 60, 67 (D.V.I. 1980)); *see also Zebedee v. King*, Civ. No. 3-1986, 1986 U.S. Dist. LEXIS 28635, at *2-3 (D.V.I. Mar. 4, 1986) ("[A] single act can amount to the transaction of business within a state or territory."). "Thus, it is enough that there is a contract with a Virgin Islands resident and the object of that contract is to be performed, even if only in part, in the Virgin Islands." *Guardian Ins.*, 2000 U.S. Dist. LEXIS 17184, at *8.

The Plaintiffs contend that Nextran has transacted business in the Virgin Islands by contracting to sell several trucks to Virgin Islands residents over several years. They buttress that

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 8

contention by reference to the deposition testimony of Nextran's Rule 30(b)(6) designee, Francisco Blanco ("Blanco"). That testimony confirms that Nextran has entered into contracts for the sale of at least thirteen trucks to Virgin Islands residents for use in the Virgin Islands and that Nextran sent those trucks to its customers in the territory.[4] (*See* Blanco Dep. 8:11-25, 9:1-16, Jan. 9, 2009; *see also id.*, exhs. 2-3.)

The Plaintiffs have also provided evidence that the truck involved in Mr. Matos's accident may have been one of the trucks that Nextran sold in the territory. Indeed, at his deposition, Blanco testified about an invoice for trucks sold to a Virgin Islands entity called St. Thomas Concrete, Inc. When asked if that invoice was for the truck "involved in the accident[,]" Blanco answered, "Yes. . . . the invoice for the individual truck that was involved in the accident . . . ." (Blanco Dep. 17:1-5, Jan. 9, 2009.) Nextran's conduct clearly constitutes "transacting business" in the Virgin Islands. *See*, *e.g.*, *Paradise Motors*, 314 F. Supp. 2d at 498 (concluding that the defendant had transacted business in the Virgin Islands where it sent vehicles, product literature and sales representatives to the Virgin

---

[4] Nextran argues that it has been unable to ascertain whether it actually manufactured the truck in question. They assert that the Plaintiffs, despite repeated requests, have not provided Nextran with the truck's vehicle identification number. That argument may be germane at some other stage of these proceedings, but it does not help Nextran at this point.

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 9

Islands); *Fin. Trust Co.*, 268 F. Supp. 2d at 567 (finding long-arm jurisdiction where the defendants entered a contract with a Virgin Islands resident).

Where, as here, a nonresident defendant's product injures a plaintiff in the forum state and the plaintiff sues the defendant because of the injury, there is no doubt that the plaintiff's claim "arise[s] from" the defendant's forum-related activities. *See*, *e.g.*, *Quality Air Servs., L.L.C. v. Milwaukee Valve Co.*, 567 F. Supp. 2d 96, 101 n.4 (D.D.C. 2008) (concluding that the plaintiff's products liability suit arose out of the defendant valve manufacturer's transacting of business in the District of Columbia where the defendant sold its valves to District of Columbia residents because "the claim raised has a discernible relationship to the 'business' transacted in the District") (alterations and citation omitted).[5]

---

[5] In *Hendrickson v. Reg O Co.*, Charles Hendrickson was employed by Carib Gas Co. of St. Croix on St. Croix, U.S. Virgin Islands. He was injured when a petroleum tank malfunctioned and exploded. He sued Reg O Co., an Illinois corporation that manufactured the valve attached to the petroleum tank involved in the accident. Reg O moved to dismiss for lack of personal jurisdiction. This Court found that subsection 4903(a)(1) did not extend to Reg O because, among other things, Hendrickson "provided no evidence that Reg O entered into contracts here or that the direct sales ordered were destination contracts with delivery in the Virgin Islands." *Hendrickson*, 17 V.I. at 463. This Court did, however, find that Reg O was subject to long-arm jurisdiction under subsection 4903(a)(4).

In contrast, here the Court has little doubt that Nextran transacted business in the Virgin Islands and that the

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 10

Accordingly, the Court finds that the Plaintiffs have made out a *prima facie* case for the Court to exercise its long-arm jurisdiction over Nextran.

**B.   Due Process**

The Plaintiffs must still demonstrate that the exercise of jurisdiction over Nextran is consistent with the Due Process Clause of the Constitution. The Plaintiffs do not explicitly explain whether Nextran is subject to general or specific jurisdiction. Their pleadings suggest, however circumspectly, that they seek to show that specific jurisdiction exists.[6]

A three-part inquiry governs a specific jurisdiction

---

Plaintiffs' claims arise out of that transaction of business.

[6]   It is clear, in any event, that the Plaintiffs have failed to show that general jurisdiction is appropriate. To establish such jurisdiction, a plaintiff must show that a nonresident's contacts with the forum are continuous, systematic, and substantial. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). That standard requires "significantly more than mere minimum contacts." *Id.*

Here, Nextran has submitted the affidavit of its vice president. That affidavit states that Nextran is based in Florida and has offices in that state, Georgia and Alabama. The affidavit further states that Nextran has none of the following in the Virgin Islands: offices; officers, directors, employees or agents; and real or personal property, including bank accounts. (*See* Blanco Aff. ¶¶ 10-16, Aug. 8, 2008.) This evidence is unrebutted. Given these circumstances, the Court cannot exercise general jurisdiction over Nextran. *See, e.g., Burlington Indus. v. Maples Indus.*, 97 F.3d 1100, 1103 (8th Cir. 1996) (finding no general jurisdiction where the nonresident had "no offices, inventory, bank accounts, real estate, personal property, employees, or agents in" the forum state)

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 11

determination. *O'Connor*, 496 F.3d at 317. Whether a court may exercise specific jurisdiction is claim-specific. *Remick v. Manfredy*, 238 F.3d 248, 255-56 (3d Cir. 2001).

The first step of the inquiry asks whether Nextran deliberately targeted the Virgin Islands. *O'Connor*, 496 F.3d at 317. While "[i]t is not significant that one or the other party initiated the relationship," *GE v. Deutz AG*, 270 F.3d 144, 151 (3d Cir. 2001), the "unilateral activity of those who claim some relationship with a nonresident defendant" is not enough to sustain the exercise of specific jurisdiction. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Furthermore, "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *O'Connor*, 496 F.3d at 317 (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985)).

The Plaintiffs rely almost exclusively on Blanco's deposition testimony.[7] That testimony reflects that Nextran has sold several of its trucks to various Virgin Islands residents

---

[7] To the extent the Plaintiffs rely on Blanco's concession that Nextran has advertised in the Caribbean Yellow Pages, that reliance is misplaced. Caribbean Yellow Pages, according to Blanco, is circulated throughout the Caribbean. Advertising therein does not constitute continuous and substantial contacts with the Virgin Islands. *See*, *e.g.*, *Gehling*, 773 F.2d at 542 ("The *New York Times* and *Wall Street Journal* are non-Pennsylvania newspapers with international circulations, and advertising in them does not constitute continuous and substantial contacts with [Pennsylvania].") (quotation marks and citation omitted).

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 12

since at least 1999.[8]  The designs of those trucks were specifically tailored to meet the needs of Nextran's Virgin Islands customers.[9]  *See*, *e.g.*, *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d 197, 207 (3d Cir. 1998) (finding that the nonresident defendant "expressed a desire to preserve its relationship with at least one Pennsylvania refinery . . . by conforming its solvents to the refinery's specifications").

Nextran has also dispatched its training representatives and mechanics to the Virgin Islands to assist its customers in the use of their trucks and to service its trucks in the Virgin Islands.[10]  *See Mellon Bank*, 960 F.2d at 1227 (noting that

---

[8]  At his deposition, Blanco testified that Nextran sold on average approximately three to four trucks per year in the Virgin Islands over a several-year period, for a total of at least thirteen sales. (*See* Blanco Dep. 30:5-8, 34:5-8, Jan. 9, 2009.)

[9]  Blanco testified that when Virgin Islands customers need trucks, they call Nextran, which "prepare[s] a formal quotation for the specifications of the trucks . . . ." (Blanco Dep. 9:10-11, Jan. 9, 2009.)  He further testified that when Nextran receives a truck order from a Virgin Islands customer, it "design[s] a truck for them, and then send[s] them the specifications and conclude[s] the transaction." (*Id.* at 9:15-16.)

[10]  Blanco testified as follows on this point:

> I do want to clarify one thing.  I am certain that in the past we have had representatives from our company in the Virgin Islands. . . . [W]e will support our product wherever we sell it.  So if . . . a customer says, hey, I need training, and I need a mechanic to come down and take a look at the truck, or something of that nature, we will send somebody to where it is to -- to support our customers. . . . [W]e have had people [in the Virgin Islands].

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 13

"physical presence in the forum state is a contact which figures into the [personal jurisdiction] analysis"). By doing so, Nextran established "continuing relationships and obligations" in the Virgin Islands.[11] *Burger King*, 471 U.S. at 473; *see also*, *e.g.*, *Hendrickson v. Reg O Co.*, 657 F.2d 9, 15 (3d Cir. 1981) (finding that "[t]he continuing conduct of the defendant is purposeful activity intended to preserve and enlarge an active, though small, market in the Virgin Islands" where the defendant sold products that ended up in the Virgin Islands and "actively worked to retain its forum customers' good will and assure future patronage by selling repair parts, additional goods, and furnishing technical advice and assistance").

In the Court's view, Nextran's activities constitute purposeful availment of the privilege of doing business in the Virgin Islands such that Nextran could reasonably expect to be haled into court here.[12] *See*, *e.g.*, *Mesalic v. Fiberfloat Corp.*,

---

(Blanco Dep. 29:13-24, Jan. 9, 2009.)

[11] Indeed, at his deposition, Blanco stated, in response to a question about Nextran's truck sales to Virgin Islands residents, that "with some of these customers, we just have long-standing relationships, and when they need a truck, they call us . . . ." (Blanco Dep. 9:7-9, Jan. 9, 2009.)

[12] Nextran contends that its sales in the Virgin Islands are minimal compared to its total nationwide sales, and thus weigh against the exercise of personal jurisdiction in this Court. As the United States Court of Appeals for the Third Circuit has explained, "[t]he fact that the sales and other contacts are not expansive is simply a reflection of the reality that the

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 14

897 F.2d 696, 700 (3d Cir. 1990) (finding that the nonresident defendant boat manufacturer had a purposeful connection to New Jersey where it engaged a resident plaintiff, delivered a boat to the plaintiff in the forum, and sent a mechanic to the forum to repair the boat).

The Court next considers whether the Plaintiffs' claims "arise out of or relate to" one of Nextran's forum-related activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Here, the Plaintiffs allege that the truck that Mr. Matos was driving was purchased, along with three other trucks sold by Nextran, by a Virgin Islands entity called St. Thomas Concrete, Inc. That allegation is substantiated by Blanco's deposition testimony.[13] The Plaintiffs' claims clearly arise out of, or are related to, one of Nextran's activities in the Virgin Islands, namely, its sale of one of its trucks to a Virgin Islands resident.

Finally, the Court must ensure that the exercise of

---

jurisdiction [of the Virgin Islands] itself is a small one, and market demands may not be great." *Hendrickson*, 657 F.2d at 15; *see also*, *e.g.*, *Samad v. High Society Magazine*, 20 V.I. 554, 557 (D.V.I. 1984) ("The ratio of local sales to total sales is simply not controlling. If it were, [the Virgin Islands] would be largely impotent to protect its residents from nonresident corporate tortfeasors with substantial national markets.").

[13] At his deposition, Blanco was asked about an invoice for the truck involved in Mr. Matos's accident. Blanco acknowledged an invoice for that truck from Nextran. (*See* Blanco Dep. 16:24-25, 17:1-15, Jan. 9, 2009.)

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 15

jurisdiction "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quotation marks and citation omitted). To that end, the Court considers:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992) (quotation marks and citation omitted).

Nextran has elected not to explicitly articulate any argument to show that defending itself in the Virgin Islands presents any burden whatever.[14] *See*, *e.g.*, *Carteret Sav. Bank*, 954 F.2d at 150 ("The defendants do not explain what burden, other than inconvenience, will be visited upon them should they be required to litigate in New Jersey.").

In the Court's view, "[t]his is not a case where a severe burden is placed on an alien defendant. . . . Nor does this case involve one isolated occurrence where the defendant had no connection with the forum state[.]" *Mesalic*, 897 F.2d at 702.

---

[14] Nextran's passing contention that the United States District Court for the Southern District of Florida is a more appropriate forum is irrelevant to the question of personal jurisdiction. *See O'Connor*, 496 F.3d at 325 n.14 (citing *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 150 (1st Cir. 1995) ("The doctrines of personal jurisdiction and *forum non conveniens* share certain similarities, but they embody distinct concepts and should not casually be conflated.")).

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 16

"No claims of exorbitant travel expenses, unavailability of evidence, drains on judicial resources or countervailing state interests have been made." *Pennzoil Prods.*, 149 F.3d at 208. Indeed, as discussed above, Nextran concedes that it has sent employees and representatives to the Virgin Islands.[15]

Furthermore, Nextran has specifically manufactured and sold its products to Virgin Islands residents for use in the territory. The complaint in this matter alleges that those products are defective and have caused tortious injury in the Virgin Islands. The Virgin Islands therefore has a substantial interest in litigating the Plaintiffs' claims. *See McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957) (noting that states have a "manifest interest in providing effective means of redress for its residents"); *see also*, *e.g.*, *Carteret Sav. Bank*, 954 F.2d at 150 ("New Jersey would also have a significant interest in adjudicating fraudulent misrepresentations occurring within its boundaries."); *Mesalic*, 897 F.2d at 700 (concluding that New Jersey had a valid interest

---

[15] The Court recognizes the Virgin Islands' distance from the United States mainland. However, neither the Third Circuit nor any court in this jurisdiction has ever held that the Virgin Islands' unique geographic location categorically excludes the exercise of long-arm jurisdiction. On the contrary, Virgin Islands courts regularly exercise such jurisdiction where appropriate. The Court notes, in any event, that Nextran is based in Miami, Florida. Aside from Puerto Rico, there is no jurisdiction in the United States closer to the Virgin Islands than Florida. Simply put, the burden, if any, on Nextran is negligible.

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 17

in protecting its residents from damages arising out of the sale by a nonresident of a defectively manufactured product).

Similarly, Mr. Matos resides in the Virgin Islands and the injuries he alleges to have suffered occurred here. The Court has little doubt that the Plaintiffs also have a strong interest in litigating their claims in the territory. *See*, *e.g.*, *Hendrickson*, 657 F.2d at 15 ("Because the plaintiff was a resident of the Virgin Islands and the accident occurred there, . . . the plaintiff's interests are such that the Virgin Islands is a suitable forum.").

Finally, Nextran does not assert, not does anything currently in the record establish, that any other jurisdiction has a greater interest in litigating the Plaintiffs' claims. *See*, *e.g.*, *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 484 (3d Cir. 1993) ("[T]here is no evidence that another state or nation could better preserve the rights of the litigants or has an interest superior to that of Pennsylvania."); *Mesalic*, 897 F.2d at 701 (rejecting the proposition that Florida had a more substantial interest than New Jersey where the Florida defendant sold the New Jersey resident a boat and "purposefully entered the State of New Jersey to carry out activities in an effort to repair [the plaintiff']s boat").

Considering these several factors, the Court finds, on balance, that the exercise of jurisdiction over Nextran accords

*Matos, et al. v. Nextran, Inc., et al.*
Civil No. 2008-65
Memorandum Opinion
Page 18

with traditional notions of "fair play and substantial justice," at least at this stage of this litigation.

## IV. CONCLUSION

For the reasons given above, the motion to dismiss will be denied. An appropriate order follows.

S_____
    **CURTIS V. GÓMEZ**
       **Chief Judge**