FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

EDUARDO MATOS and SANTA       )
MATOS,                        )
                              )
            Plaintiffs,       )
                              )        Civil No. 2008-65
        v.                    )
                              )
NEXTRAN, INC. and MACK TRUCK  )
SALES OF SOUTH FLORIDA,       )
                              )
            Defendants.       )
_____)

ATTORNEYS:

**Desmond L. Maynard, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiffs.*

**William E. Crabill, Esq.**
Miami, FL
    *For defendant Nextran, Inc.*

**Daryl Barnes, Esq.**
St. Croix, U.S.V.I.
    *For defendants Nextran, Inc. and Mack Truck Sales of South
    Florida.*

MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of defendant Nextran, Inc.

("Nextran") to dismiss this matter, to strike certain

allegations, and for a more definite statement.

I. FACTUAL AND PROCEDURAL BACKGROUND

On May 2, 2006, Eduardo Matos was driving a truck carrying

concrete in an area known as Mahogany Run on St. Thomas, U.S.

Virgin Islands.[1]  He suffered injuries when the truck rolled

over.  The truck was allegedly manufactured and sold by Nextran

and defendant Mack Truck Sales of South Florida ("Mack Truck").

Mr. Matos and his wife, Santa Matos (together, the

"Plaintiffs"), subsequently commenced this action against Nextran

and Mack Truck (together, the "Defendants"), asserting six causes

of action: (1) negligence; (2) breach of the warranty of fitness

for a particular purpose; (3) strict liability; (4) breach of the

warranty of merchantability; (5) loss of consortium; and (6)

punitive damages.

Nextran thereafter made a limited appearance for the sole

purpose of moving to dismiss this matter for lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure

12(b)(2).  That motion was denied. *Matos v. Nextran, Inc.*, No.

2008-65, 2009 U.S. Dist. LEXIS 22898 (D.V.I. Mar. 19, 2009).

Nextran now moves to dismiss the complaint[2] pursuant to

Federal Rule of Civil Procedure 12(b)(6).  In the alternative,

Nextran moves to strike certain allegations in the complaint

pursuant to Federal Rule of Civil Procedure 12(f) or for a more

---

[1]  Because Nextran's motion is brought pursuant to Federal
Rule of Civil Procedure 12(b)(6), all allegations in the
complaint are taken as true. *See McGovern v. City of
Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009); *U.S. Express
Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

[2]  Unless otherwise indicated, any mention of the complaint
is intended to refer to the first amended complaint.

definite statement pursuant to Federal Rule of Civil Procedure
12(e).

## II. <u>DISCUSSION</u>

### A.   **Rule 12(b)(6) Standard**

"[W]hen ruling on a defendant's motion to dismiss, a judge
must accept as true all of the factual allegations contained in
the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per
curiam) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
(2007)).  All reasonable inferences are drawn in favor of the
non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir.
2004).  A court must ask whether the complaint "contain[s] either
direct or inferential allegations respecting all the material
elements necessary to sustain recovery under *some* viable legal
theory." *Bell Atlantic Corp.*, 550 U.S. at 562 (emphasis in
original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d
1101, 1106 (7th Cir. 1984)).  "While a complaint attacked by a
Rule 12(b)(6) motion to dismiss does not need detailed factual
allegations, a plaintiff's obligation to provide the 'grounds' of
his 'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of a cause of action's
elements will not do." *Id.* at 555 (internal citations omitted).
Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must
allege facts that 'raise a right to relief above the speculative
level on the assumption that the allegations in the complaint are

true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499
F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 550
U.S. at 555).

**B.    Rule 12(f)**

Rule 12(f) provides that a district court "may strike from a
pleading an insufficient defense or any redundant, immaterial,
impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[I]t
is settled that [a Rule 12(f)] motion will be denied, unless it
can be shown that no evidence in support of the allegation would
be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d
887, 893 (2d Cir. 1976) (citations omitted).  Allegations that
are "repugnant" or that contain "superfluous descriptions and not
substantive elements of the cause of action" also may be
stricken. *See*, *e.g.*, *Alvarado-Morales v. Digital Equipment Corp.*,
843 F.2d 613, 618 (1st Cir. 1988).  Indeed, a court has
"considerable discretion" in striking an allegation. *Delta
Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133,
1141 (7th Cir. 2009); *see also BJC Health Sys. v. Columbia Cas.
Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Judges enjoy liberal
discretion to strike pleadings under Rule 12(f)." (citation
omitted)).  "Striking a party's pleading, however, is an extreme
and disfavored measure." *BJC Health Sys.*, 478 F.3d at 917; *see
also Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir.
2001) ("Rule 12(f) motions are generally viewed with disfavor

because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." (quotation marks and citation omitted)); *Lipsky*, 551 F.2d at 893 ("[T]he courts should not tamper with the pleadings unless there is a strong reason for so doing." (citations omitted)).

## C.    Rule 12(e)

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Such a motion "must point out the defects complained of and the details desired." *Id.*  Such a motion may be granted, for instance, where "a shotgun complaint fails to adequately link a cause of action to its factual predicates." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006); *see also Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("[A] complaint, which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." (internal quotation marks and citation omitted)).

### III. <u>ANALYSIS</u>

**A.    Rule 12(b)(6)**

**1.    Counts Two and Four**

Nextran first argues that the breach of warranty claims asserted in Counts Two and Four should be dismissed.  Counts Two and Four assert claims for breach of the warranty of merchantability and breach of the warranty of fitness for a particular purpose, respectively.  Both counts assert breaches of express and implied warranties.

Beginning with the express warranty claims, Virgin Islands law[3] does not appear to differentiate between an express warranty of merchantability and an express warranty of fitness for a particular purpose. *See* V.I. CODE ANN. tit. 11A, § 2-313.[4]  To state a claim for breach of an express warranty generally, a plaintiff must allege the following: "(1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty

_____

[3] Because this matter invokes this Court's diversity-of-citizenship jurisdiction, *see* 28 U.S.C. § 1332(a); 48 U.S.C. § 1612(a), Virgin Islands substantive law applies. *See Lafferty v. Gito St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply the substantive laws of its forum state in diversity actions." (citation omitted)).

[4] Title 11A of the Virgin Islands incorporates various provisions of the Uniform Commercial Code. *See Vitex Mfg. Corp. v. Caribtex Corp.*, 377 F.2d 795, 799 (3d Cir. 1967) (noting that "the Uniform Commercial Code [has been] adopted in the Virgin Islands [at Title] 11A").

was part of the basis of the bargain; and (4) the express warranty was breached by defendant." *Beachside Assocs., LLC v. Okemo, LLC*, No. 2006-233, 2008 U.S. Dist. LEXIS 105019, at *5 (D.V.I. Dec. 31, 2008) (citations omitted); *see also* V.I. CODE ANN. tit. 11A, § 2-313 (defining express warranties).

Furthermore, although "a person must be in privity to a contract to sue for damages for breach of such contract[,] . . . under certain conditions a person may sue as a third party beneficiary to a contract." *Sanchez v. Innovative Tel. Corp.*, No. 2005-45, 2007 U.S. Dist. LEXIS 93255, at *4 (D.V.I. Nov. 30, 2007) (citation omitted). Virgin Islands law specifically extends express and implied warranties to third-party beneficiaries. Title 11A, Section 2-318 of the Virgin Islands Code provides that "[a] seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume or be affected by the goods and who is injured in person by breach of the warranty." V.I. CODE ANN. tit. 11A, § 2-318.

In Count Two, the Plaintiffs allege that the Defendants, pursuant to a contract they consummated with Mr. Matos's employer, knew that the truck the Defendants manufactured and sold to Mr. Matos's employer "was to be used as a concrete truck . . . for the purpose of transporting, mixing and pouring concrete." (Am. Compl. ¶¶ 18-19.) They further allege that the

Defendants "knew and/or should have known that [Mr. Matos] would rely on [the] Defendants['] skill and judgment to furnish a truck suitable for the intended purpose[.]" (*Id.* ¶ 19.) Count Two also alleges that the Plaintiffs and Mr. Matos's employer "relied on [the] Defendants' expertise as a designer/manufacturer of said trucks to design and manufacturer the truck for them that was suitable for the intended purpose[.]" (*Id.* ¶ 20.) According to that count, Mr. Matos "was a beneficiary to the express and/or implied warranties under the contract for the truck[.]" (*Id.* ¶ 21.) Specifically, the complaint alleges that the "truck was defectively designed, manufactured and/or assembled, including, but not limited to, defective design of the chassis or frames and/or installation of the barrel/drum," and that "the brakes on the truck were defective and/or did not operate properly and effectively to permit Plaintiff Eduardo Matos to control and stop the truck in a timely fashion." (*Id.* ¶¶ 22-23.) Finally, the Plaintiffs allege that "[t]he Defendants breached their warranty of fitness that the truck . . . was fit for the particular and general purpose for the use [for] which said truck was intended." (*Id.* ¶ 24.)

In Count Four, the Plaintiffs allege that the Defendants "expressly and impliedly warranted that the truck and its chassis and frame and brakes and other parts . . . were fit for the ordinary purpose for which such goods are used" and that Mr.

Matos "made use of the truck . . . in reliance on said express
and implied warranties." (*Id.* ¶ 31.)  They also allege that the
Defendants breached that express and/or implied warranty of
merchantability by selling a "truck that was not fit for the
ordinary purpose for which such trucks are used." (*Id.* ¶ 32.)
The Plaintiffs allege that they suffered injuries on account of
that breach. (*Id.* ¶ 33.)

Missing from either Count Two or Count Four is either an
explicit or even oblique allegation that the express affirmation
of fact that the Defendants made to Mr. Matos's employer "was
part of the basis of the [parties'] bargain."  Such an allegation
is an essential element of a breach of an express warranty
claim.[5] *See Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70,
102 (D. Mass. 1998) ("[T]he plaintiff must demonstrate that the
express warranty constituted a basis of the bargain between the
seller and the buyer." (citations omitted)), *cited with approval
in Cummings v. HPG Int'l, Inc.*, 244 F.3d 16, 24 (1st Cir. 2001);
*O'Connor v. Kawasaki Motors Corp.*, 699 F. Supp. 1538, 1543 (S.D.
Fla. 1988) ("[T]he affirmation made by the seller must have

_____

[5]  In contrast, the fact that the Plaintiffs do not specify
whether they are intended or incidental beneficiaries is not
fatal, as "the notice pleading approach of the Federal Rules
would not appear to require putative third party beneficiaries to
specifically allege in their complaint that they were intended,
as opposed to incidental, third party beneficiaries of an
agreement." *Francis v. Graham Miller (Caribbean) Ltd.*, 26 V.I.
184, 186 (V.I. Terr. Ct. 1991).

become the basis of the bargain."). Accordingly, the Court finds
that the Plaintiffs have failed to state a breach of an express
warranty claim. Notwithstanding that deficiency, in accordance
with this circuit's precedent, the Court will give the Plaintiffs
an opportunity to amend their complaint with respect to their
express warranty claims in Counts Two and Four. *See Phillips v.
County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the
event a complaint fails to state a claim, unless amendment would
be futile, the District Court must give a plaintiff the
opportunity to amend her complaint." (citing *Shane v. Fauver*, 213
F.3d 113, 116 (3d Cir. 2000)).

The Court turns now to the implied warranty claims. To
state a claim for breach of the implied warranty of
merchantability, a plaintiff must allege that (1) goods were sold
by a merchant; (2) the goods were not merchantable at the time of
sale; (3) the plaintiff suffered an injury; (4) the plaintiff's
injury resulted from the goods' non-merchantability; and (5) the
seller had notice of the injury. *Banks v. International Rental
and Leasing Corp.*, 49 V.I. 970, 975 (D.V.I. 2008) (stating the
elements in a lease context); *see also* V.I. CODE ANN. tit. 11A, §
2-314 (defining the implied warranty of merchantability).

To state a claim for breach of the implied warranty of
fitness for a particular purpose, a plaintiff must allege that
"(1) the seller had reason to know the particular purpose for

which the buyer required the goods, (2) the seller had reason to
know the buyer was relying on the seller's skill or judgment to
furnish appropriate goods, and (3) the buyer in fact relied upon
the seller's skill or judgment." *Beard Plumbing & Heating v.
Thompson Plastics*, 152 F.3d 313, 317 (4th Cir. 1998) (stating
Virginia law) (citation omitted); *In re McDonald's French Fries
Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007) (similar); *see
also* V.I. Code Ann. tit. 11A, § 2-315 (defining the implied
warranty of fitness for a particular purpose).  For such a
warranty to exist, the goods must be for a purpose other than
their ordinary use. *See* V.I. Code Ann. tit. 11A, § 2-315 (stating
that "[a] 'particular purpose' differs from the ordinary purpose
for which the goods are used in that it envisages a specific use
by the buyer which is peculiar to the nature of his business").

        As with the express warranty claim, privity of contract is
required for both implied warranty claims. *See Sanchez*, 2007 U.S.
Dist. LEXIS 93255, at *4; V.I. Code Ann. tit. 11A, § 2-318.

        Based on the allegations in Counts Two and Four, as outlined
above, the Court finds that the Plaintiffs have sufficiently
stated a claim for breach of the implied warranties of
merchantability and fitness for a particular purpose.[6]

_____

        [6]  Nextran contends that Mr. Matos is at best an incidental
beneficiary of any contract that may exist between the Defendants
and Mr. Matos's employer.  Nextran relies on this Court's
decision in *Banks v. International Rental and Leasing Corp.*,

*supra*. That decision, however, was decided at the summary
judgment stage. Indeed, because "[t]he underlying question of
whether someone is a third-party beneficiary to a contract is a
mixed question of law and fact," *Sanchez*, 2007 U.S. Dist. LEXIS
93255, at *5, making such a determination now would be
inappropriate. At this stage of this litigation -- before
Nextran has answered the allegations in the complaint -- the
Court is obligated to assume that the Plaintiffs' allegations are
true. The complaint's allegation that Mr. Matos was a
beneficiary of the Defendants' warranties therefore suffices at
this stage to show Mr. Matos's intended beneficiary status.
Whether that status exists in fact, of course, may be challenged
further down the road.

    Although Nextran does not raise the issue, the Court notes
as well that one of the essential elements of a breach of
warranty claim under Virgin Islands law is notice to the seller
of a defect. V.I. CODE ANN. tit. 11A, § 2-607(2)(a) ("[T]he buyer
must within a reasonable time after he discovers or should have
discovered any breach notify the seller of breach or be barred
from any remedy."). The complaint in this matter does not allege
that the Plaintiffs gave the Defendants notice. However, it is
widely accepted that "a consumer plaintiff who suffers *a personal
injury* may satisfy the . . . notice requirement by filing a
complaint stating a breach of warranty action against the
seller." *See, e.g.*, *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584,
590 (Ill. 1996) (emphasis supplied) (citations omitted); *see also
Cole v. Keller Indus.*, 132 F.3d 1044, 1047 (4th Cir. 1998)
("[E]very reported case which has come to our attention, save
one, has taken the position that a non-purchaser in a suit on
warranty, need not comply with the notice requirement of the
Uniform Commercial Code in order to recover for personal
injuries[.]" (collecting cases)); *McKnelly v. Sperry Corp.*, 642
F.2d 1101, 1107 (8th Cir. 1981) (holding that the "notice
provision is inapplicable to third parties, at least where
personal injuries rather than economic losses are sustained");
*Bednarski v. Hideout Homes & Realty, Inc., Div. of U.S. Homes &
Properties, Inc.*, 709 F. Supp. 90, 94 (M.D. Pa. 1988) ("[T]his
court concludes that the filing of a civil complaint satisfies
the requirement of providing breach of warranty notice[.]");
*Frericks v. General Motors Corp.*, 363 A.2d 460, 466 (Md. 1976)
("[P]laintiffs, as third party beneficiaries, are not required .
. . to notify the seller of a breach of warranty and are
therefore not precluded from pursuing a remedy for breach."
(footnote omitted)); *Greenman v. Yuba Power Products, Inc.*, 377

Accordingly, the motion to dismiss will be denied with respect to those claims in Counts Two and Four.

> **2.    Count One**

Nextran moves to dismiss Count One's negligence claim for failure to state a claim.

To state a claim for negligence in the Virgin Islands, a plaintiff must allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages. *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 571 (D.V.I. 2004) (citations omitted); *Nickeo v. Atl. Tele-Network Co.*, 45 V.I. 149, 160 (V.I. Terr. Ct. 2003) (citing *Gass v. Virgin Islands Telephone Corp.*, 149 F. Supp. 2d 205 (D.V.I. 2001)); *see also* Restatement (Second) of Torts § 281 (1965) (stating the elements of negligence).[7]

In the general allegations section of their complaint, which is incorporated by reference into the substantive allegations of each count, the Plaintiffs allege that the Defendants "designed, manufactured, assembled and/or sold" a truck "for [Mr. Matos] and

---

P.2d 897, 900 (Cal. 1963) ("The notice requirement . . . is not an appropriate one for the court to adopt in actions by injured consumers against manufacturers with whom they have not dealt." (citations omitted)). That view is in harmony with the plain language of § 2-607(2)(a), which imposes a notice obligation on the "buyer" of a product, not a third-party user of the product. The Plaintiffs are third-parties alleging personal injury, and thus the notice requirement is satisfied here by the filing of the complaint.

[7] *See* V.I. CODE ANN. tit. 1, § 4 (stating that the Restatements are the law of the Virgin Islands in the absence of local law to the contrary).

other drivers . . . to operate in their daily work of

transporting and pouring concrete." (Am. Compl. ¶ 10.)  In Count

One itself, the Plaintiffs allege that Nextran "caused a cement

mixer to be mounted on [the] truck." (*Id.* ¶ 13.)  They further

allege that Nextran "was responsible for performing the final

inspection on the truck before selling and shipping it to" Mr.

Matos's employer and "to make sure that the truck worked

properly, was in good order and condition, and was free of all

defects." (*Id.* ¶ 15.)  According to the complaint, Nextran failed

to fulfill that responsibility. (*Id.*)  The Plaintiffs further

allege that they suffered injuries as a result of that failure.

Specifically, Mr. Matos allegedly "suffered serious physical

injuries to his body, including his legs, arm, back and head."

(*Id.* ¶ 7.)  Mrs. Matos allegedly "suffered a loss of consortium

and was unable to enjoy the assistance, companionship and society

of [Mr.] Matos and to engage in the customary joys of the marital

relationship." (*Id.* ¶ 35.)

    Although not stated explicitly, the allegations in the

complaint make clear that the Defendants owed the Plaintiffs a

duty to manufacture, design and/or sell a truck that was in good

working condition. *See*, *e.g.*, *Fisher v. Roberts*, 125 F.3d 974,

978 (6th Cir. 1997) ("Although the complaint does not allege

explicitly that defendant owed plaintiff a duty of care and

breached that duty, it contains enough information from which the

material elements of plaintiff[']s claim can be inferred."); *see also Carpini v. Pittsburgh & Weirton Bus Co.*, 216 F.2d 404, 406 (3d Cir. 1954) ("[T]he manufacturer of a chattel has a duty of care to the ultimate consumer or user thereof. . . . Indeed, this principle has now become so well established that it would be sheer affectation to pile up citation of decisions upon it." (citation omitted)). The Plaintiffs further allege that the Defendants' failure to do so caused Mr. Matos's accident and, by extension, the Plaintiffs' various injuries.

Because the Plaintiffs have specified negligent acts and characterized the duty whose breach caused their alleged injuries, the Court finds that the Plaintiffs' allegations are sufficient to defeat the Defendants' Rule 12(b)(6) challenge to Count One. The motion will thus be denied with respect to that count.

### 3. Count Three

Nextran urges the dismissal of Count Three's strict liability claim on insufficiency grounds.

A plaintiff sufficiently states a strict liability claim against a seller of a product for physical harm if he alleges "(1) the existence of a defect, (2) in an unreasonable dangerous condition, (3) which proximately causes the injury." *Murray v. Fairbanks Morse*, 610 F.2d 149, 154 (3d Cir. 1979) (citing

Restatement (Second) of Torts § 402A (1965)).[8] The product must

have reached the "user or consumer without substantial change in

the condition in which it is sold." Restatement (Second) of Torts

§ 402A(1)(b) (1965); *see also Chelcher v. Spider Staging Corp.*,

892 F. Supp. 710, 714 (D.V.I. 1995). Furthermore, the defendant

"must be engaged in the business of selling the" product.

*Erysthee v. El Nuevo Lirio Grocery*, 25 V.I. 307, 311 (D.V.I.

1990); *Walker v. Skyclimber, Inc.*, 571 F. Supp. 1176, 1178

(D.V.I. 1983). To be "unreasonably dangerous," a product "must

be dangerous to an extent beyond that which would be contemplated

by the ordinary consumer who purchases it, with the ordinary

knowledge common to the community as to its characteristics."

Restatement (Second) of Torts § 402A cmt. i (1965); *see also*

*Martin v. Powermatic, Inc.*, No. 01-137, 2008 U.S. Dist. LEXIS

44211, at *9 (D.V.I. June 4, 2008).

In Count Three, the Plaintiffs allege that the "Defendants

designed, manufactured, assembled and/or sold" to Mr. Matos's

employer a truck "for the benefit and use of [Mr.] Matos[.]" (Am.

Compl. ¶ 27.) They also allege that the truck contained an

"unreasonably dangerous" defect at the time it was released from

the Defendants' control. (*Id.* ¶¶ 12, 15, 28-29.) In particular,

---

[8] This Court has explained that "Section 402A is the
controlling law on products liability in the Virgin Islands."
*Banks v. Int'l Rental & Leasing Corp.*, Nos. 2002-200, 2002-201,
2002-202 & 2002-203, 2008 U.S. Dist. LEXIS 12214, at *9 (D.V.I.
Feb. 13, 2008) (citation omitted).

they claim that the "truck was defectively designed, manufactured and/or assembled, including, but not limited to, defective design of the chassis or frames and/or installation of the barrel/drum that made control of the truck impossible, avoidance of the accident more difficult, and the resulting effects of the accident more severe." (*Id.* ¶ 22.)  The Plaintiffs also allege that they suffered injuries, as described earlier, on account of those unreasonably dangerous defects. (*Id.* ¶ 29.)

In the Court's view, these allegations adequately state a claim for strict liability. *See*, *e.g.*, *Hogan v. Goodrich Corp.*, No. 05-159, 2006 U.S. Dist. LEXIS 2004, at *16-17 (W.D. Ky. Jan. 17, 2006).  Accordingly, the Court will deny the motion to dismiss as it pertains to Count Three.

### 4.  Count Six

In Count Six, the Plaintiffs allege that the Defendants are "liable for punitive damages for their reckless disregard and indifference to [the] Plaintiffs' safety." (Am. Compl. ¶ 37.) Nextran contends that Count Six, which asserts a punitive damages claim, must be dismissed because the Plaintiffs have not pled any basis for awarding such damages.

The Court need not reach Nextran's contention that the Plaintiffs' allegations falls short of warranting a punitive damages award.  As this Court has recently explained, it is well-established law that a "punitive damages claim cannot stand

alone." *McDonald v. Davis*, No. 2004-93, 2009 U.S. Dist. LEXIS

17309, at *56-57 (D.V.I. Mar. 5, 2009) (collecting cases); *see*

*also Urgent v. Hovensa, LLC*, No. 2006-105, 2008 U.S. Dist. LEXIS

77455, at *31 (D.V.I. Oct. 2, 2008) (dismissing a punitive

damages count on the defendant's motion to dismiss because such a

claim "is not a distinct cause of action and was improperly

plead[ed] as a separate count").

Accordingly, the Court will grant Nextran's motion as it

pertains to Count Six.[9]  The Court's ruling in this vein is, of

course, without prejudice to the Plaintiffs' request for punitive

damages at the appropriate stage of these proceedings.

## B.   Rule 12(f)

Nextran asserts that the Court should strike certain

allegations from the complaint.  Nextran describes the following

allegations, the relevant portions of which are italicized, as

prejudicial:

> The *illegal conduct*, as stated herein, of Defendants
> enhanced the accident alleged and Plaintiffs' injuries
> and damages alleged herein.
>
> . . . .

---

[9]  Nextran also seeks the "dismissal" of the Plaintiffs'
request for attorney's fees and costs.  To the extent that
request is not asserted as an independent cause of action,
Nextran's challenge warrants no ruling.  To the extent Nextran
seeks to strike the Plaintiffs' fee and cost request, the motion
is denied.  The Virgin Islands' fee-shifting statute, V.I. CODE
ANN. tit. 5, § 541, authorizes a court to award fees and expenses
to the "prevailing party" in an action.  As there is no
prevailing party at this stage, Nextran's motion is premature.

> The aforementioned truck was unreasonably dangerous and
> Defendants are strictly liable for the incident and *all
> damages of every kind* suffered by Plaintiffs as a
> direct and proximate result.
>
> . . . .
>
> Plaintiff Santa Matos is the wife of Plaintiff Eduardo
> Matos and, as a direct and proximate result of the
> negligence, breach of warranty and *other illegal acts*
> and/or omissions of Defendants, Plaintiff Santa Matos
> suffered a loss of consortium[.]

(Am. Compl. ¶¶ 16, 29, 35) (emphasis supplied).

According to Nextran, "[t]hese are extraneous statements,
untrue and unnecessary for Plaintiffs to plead their cause(s) of
action, and are irrelevant and prejudicial." (Def. Nextran's
Renewed Opp'n Pl.'s Mot. Am. and Mot. Dimiss Pl.'s Am. Compl.
11.)

To the extent Nextran seeks to strike the Plaintiffs'
request to recover "all damages of every kind," the Court is
singularly unconvinced.  That request appears in the Plaintiffs'
strict liability claim.  Damages are an element of such a claim
and thus a request that they be awarded is hardly out of place.
The Plaintiffs perhaps overreach when they ask for any and all
damages, but such overreaching is certainly not inconsistent with
the expansive prayers for relief that are drafted into many
complaints.  In any event, any damages the Plaintiffs seek to
recover will have to be proven at trial, if need be.  Simply
asking for them now works no prejudice to the Defendants.  In the
absence of such prejudice, the Court will deny the motion to

strike as it pertains to the Plaintiffs' damages request. *See
Glasser v. Government of the Virgin Islands*, 853 F. Supp. 852,
854 (D.V.I. 1994) (noting that a Rule 12(f) motion "should not be
readily granted *absent a showing of prejudice* to the movant"
(emphasis supplied) (footnoted omitted))); *see also Symbol
Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359
(D. Del. 2009) ("Under Rule 12 (f), even where the challenged
material is 'redundant, immaterial, impertinent, or scandalous,'
a motion to strike should not be granted '*unless the presence of
the surplusage will prejudice the adverse party*.'" (emphasis
supplied) (quoting *Schwarzkopf Technologies Corp. v. Ingersoll
Cutting Tool Co.*, 820 F. Supp. 150, 154 (D. Del. 1992))).

To the extent Nextran wants any references to the
Defendants' alleged "illegal conduct" or "illegal acts" stricken,
the Court is similarly unpersuaded.  While illegality may not be
an element per se of any of the Plaintiffs' substantive claims,
it is at least conceivable that the Plaintiffs intend to show
that the Defendants broke the law to prove their breach of
warranty claims or their strict liability claim. *See Lilley v.
Charren*, 936 F. Supp. 708, 713 (N.D. Cal. 1996) (holding that a
motion to strike should not be granted unless it is absolutely
clear that the matter to be stricken could have no possible
bearing on the litigation).  Furthermore, the Court fails to
understand what prejudice might inure to Nextran by virtue of

mere allegations of illegal conduct.[10] *Cf. Flanagan v. Wyndham*

*Int'l, Inc.*, No. 2002-237, 2003 U.S. Dist. LEXIS 24211, at *4-5

(D.V.I. Apr. 21, 2003) ("Scandalous matter does not merely offend

someone's sensibilities; it must improperly cast a person or

entity in a cruelly derogatory light." (citation omitted)).

Indeed, Nextran has elected not to explain the nature of that

alleged prejudice. Given the strong disfavor with which courts

view motions to strike, the motion will be denied with respect to

the complaint's fleeting allegations of illegality.

## C. Rule 12(e)

Nextran argues that it is entitled to a more definite

statement because the Plaintiffs have "improperly commingled

allegations in separate causes of action." (Def. Nextran's

Renewed Opp'n Pl.'s Mot. Am. and Mot. Dimiss Pl.'s Am. Compl.

12.) Nextran spotlights the various sections of the complaint

that incorporate by reference all preceding allegations.

Nextran's argument in this vein is wholly deficient and betrays a

surprising ignorance of pleading norms. Incorporating preceding

allegations by reference is a time-honored tradition. There is

certainly nothing novel about the way the complaint in this

matter observes that tradition.

Nextran also claims that Count Four confusingly alleges a

---

[10] Prejudice might arise, of course, if a jury is permitted
to view the complaint. To forestall such a scenario, appropriate
measures may be taken at a later time if need be.

breach of the "express and/or implied warranty of
merchantability." In Nextran's view, the Plaintiffs are required
to allege a claim for either an express or an implied warranty of
merchantability or to assert such claims as separate causes of
action. The Court does not doubt that stating express and
implied warranty claims in separate counts would achieve greater
clarity. However, a complaint need not be a literary gem. Under
the Federal Rules, a plaintiff must do no more than make "a short
and plain statement" of his claim, Fed. R. Civ. P. 8(a)(2), so
that the defendant can "reasonably prepare a response." Fed. R.
Civ. P. 12(e). The Plaintiffs have adequately done so here. *See
Government Guar. Fund v. Hyatt Corp.*, 166 F.R.D. 321, 324 (D.V.I.
1996) ("While the first amended complaint is hardly a paragon of
pithiness, it is quite comprehensible and provides enough
information to allow [the defendant] to frame a responsive
pleading."); *cf. Bower v. Weisman*, 639 F. Supp. 532, 538
(S.D.N.Y. 1986) (granting a Rule 12(e) motion because the
plaintiff's claims lacked clarity and the defendant therefore
could not effectively respond to the complaint); *Saad v. Burns
Int'l Sec. Servs., Inc.*, 456 F. Supp. 33, 36 (D.D.C. 1978)
(finding that the allegations did not suffice to state a claim
and ordering the plaintiff to file a more definite statement).

Finally, Nextran contends that the Plaintiffs should specify
which claims are asserted against which of the Defendants. That

contention is unavailing.  No authority of which the Court is aware -- and Nextran has identified none -- requires the Plaintiffs to refer to each defendant by name in each substantive count.  And in fact the complaint does direct certain allegations at certain defendants by name.  The Court does not find that the Plaintiffs' frequent references to the Defendants as a collective gives rise to any confusion or otherwise hampers Nextran's ability to defend itself.

## IV. <u>CONCLUSION</u>

For the reasons given above, Nextran's motion will be denied in part and granted in part.  The Plaintiffs will be afforded an opportunity to amend their complaint with respect to the breach of express warranty claims.  An appropriate order follows.

S\_____
        **CURTIS V. GÓMEZ**
        **Chief Judge**